Franklin Ray committed serious crimes, but he did not commit all crimes. And he did not commit aggravated identity theft under Dubin, which was unanimously decided by the Supreme Court after he pled guilty, but before he was sentenced. The government primarily argues waiver, and I want to address that up front. This court has never found waiver of appellate rights related to a plea without a clear and unambiguous record that the defendant's waiver was intelligent, knowing, and voluntary. The district court never allocuted or even apprised Mr. Ray of this. Well, the argument about waiver doesn't really depend on his not knowing about the crime, right? It's that his attorney wrote to the court saying, oh, you should vacate count five pursuant to Dubin. And then withdrew that, specifically withdrew that argument and said we don't actually want you to vacate. That's right, Your Honor. And Mr. Ray reaffirms that he thinks he is guilty of aggravated identity theft. Well, that's not what it says, Your Honor. It says the defense. It doesn't even say I spoke with Mr. Ray. But even if it had clearly stated I spoke with Mr. Ray and he wishes to withdraw it, under Reddy, that, too, would be insufficient. In Reddy, the lawyer said he spoke with his client about the contents of the plea agreement. One step back, lawyers all the time waive potential challenges, legal challenges, constitutional challenges with respect to various motions they can make. They do that all the time, right? And we have never said that that has to be done, the allocution has to be done of the client to make sure that they are on board with what the lawyer is doing. In this case, the court has said that, and that's the McCoy distinction, Your Honor. We did have a summary order from a couple weeks ago, the government cited, where it was ineffective assistance of counsel claims that were raised and were withdrawn before the sentencing, and we said, wait a minute, didn't we? We noted, I noted in my response to their 28-J letter, that in that case, the district court offered the defendant his plea back. In this case, there's no record that the defendant was even told that his lawyer had did this. The district court, it was incumbent upon the district court to do several things. In addition to apprising him that there had been- Suppose this had happened after the sentencing. Suppose after the sentencing, Dubin came out and the lawyer made a decision not to pursue the legal challenge. Would it be- So then you would be dealing with habeas and looking for cause for a procedural default, which is a different standard. But the question here- Why isn't this effectively an ineffective assistance of counsel, a potential ineffective assistance of counsel claim? If the lawyer did not consult with his client, did not advise his client with respect to the possible options, did not give advice as to what did and did not make sense and let the client make the decision, there would be at least a possible ineffective assistance of counsel claim. That would require an inquiry into the record, an inquiry into facts outside the record. The client could come in, make an affidavit, said he never told me this, which, by the way, is not in our record. And the lawyer would then have an opportunity to contest that. And the court could decide whether the client had been a victim of ineffective counsel. But if the question is, what is the judge required to do when a lawyer says, we don't want to raise this. The defendant is no longer interested in doing this. Without saying, and we have another case, Martin, where the letter was better, where the letter said, having consulted with my client, we've decided to do this. Here, why can't the judge in the first instance take the lawyer at face value? I mean, I just don't see any authority for the proposition that this kind of waiver of a legal argument requires an allocution. Because, Your Honor, well, two things. One, it's not just any legal argument. It's an important constitutional right of sentencing. And while everything the court said about IAC is correct, respectfully, we think that that analysis in terms of what happens on the direct appeal inverts this court's clear standards and Tang and Showerman and Reddy. Where this court requires a clear and unequivocal record before it will allow the government to enforce a purported waiver to stop a marriage argument from being heard on direct appeal. Could I ask another question about what's going on here in this court? What do you, if we agreed with you and remanded this case, what do you imagine happening in the district court? Would it not be the case that at a minimum the judge would have the opportunity to re-sentence on all counts? And more likely that the entire plea deal would be vacated, and the government would be able to prosecute on all the charges that it dropped. Is that not the case? I don't think so, Your Honor. First, I certainly don't know that to be the case. There was a top of the guideline sentence on the four wire fraud counts that's not contested. So that's 188 months that was the top of the guidelines without any statements that there should be an above guideline sentence for those counts. So the district court certainly could re-sentence above the guidelines on those counts, but I wouldn't guarantee that that would be the case. I'm not asking you what the judge would do when given the opportunity, but isn't it the case that at a minimum the judge would have the opportunity to do that? Because wouldn't we vacate and remand for global re-sentencing? We do that all the time when there is a possibility that the sentence was calculated, taking into account the consecutive mandatory sentence. And beyond that, beyond that, this is not a case where the defendant just pled guilty without an agreement. The defendant got benefits from this agreement. And it seems to me that the government would have every right to undo that agreement. Absolutely, no question about it. But if that's the case, I guess my main question to you is this. Can you represent to us that you have discussed this with your client? In writing and on the phone, yes, Your Honor. That's what he wants. And your client has decided that he wants to proceed with this claim. I wouldn't be here otherwise. I take that very seriously. That's what he wants. Thank you. And I would also think that it's therefore highly relevant that in the entire record, certainly for the first two prongs of plain error, error that's plain, you only look at what's in the record at the time of the plea. But in terms of the entire record before the court, including the PSR, it's therefore acutely relevant that there is no evidence to even remotely suggest guilt under Dubin of aggravated identity theft. Dubin requires for order to see- If it's a plea, then the record just has all of these statements about what evidence the government would introduce. And I have descriptions from both sides about what the representation was. But I can imagine documents consistent with those descriptions where using somebody else's name would be central to the fraud and where using somebody else's name would be kind of tangential to it. Exactly. So are we also not in a very good position to decide that? Exactly, Judge Bonacci. That's exactly my point. Because under Baldy, what that means is that the second two prongs of the plain error standard are met. Because there's not sufficiently overwhelming evidence to suggest that the defendant would never have thought to go to trial on this count. Where the record does not show that he's guilty of this count, the court can't say that the failure to give him a knowing and an intelligent- Well, but that happens all the time when you plead guilty, is that there's enough that it seems like, well, if the defendant is agreeing to plead guilty, there seems to be enough of a factual basis for the plea. But that's not necessarily a determination that if I'm deciding the question myself on the merits, I would necessarily say that he is guilty, right? Exactly, Your Honor. But that's why it's so important under McCarthy. Since 1968, the Supreme Court says that the knowing and voluntary prong now codified in 11b1g requires the defendant to understand the elements as relates to the facts of the case. The error here you're saying that we should recognize is you think it's the error by the district court in accepting the plea because it wasn't, or finding that there's a factual basis for the plea, because there isn't enough evidence to show that there is. That's one of the two. We don't need to determine whether your client really has a serious argument that he's not guilty of aggravated identity theft? Two, so I want to respond, those are two separate issues I want to address. First is, yes, one of the two errors is the failure, is entering the plea without an adequate factual basis under the laws that existed at the time of sentencing, violating 11b3, and also failure to advise on the elements of the offense and the true nature of the offense as required by Bosley and Baldy, violating rule 11b1g. And then as the court's, yes, Judge Bianco. I just want to go back to the waiver issue, because in your brief, today you focused on the fact that there's nothing in the record that suggests your client approved of this withdrawal of the Dubin argument. But you also made an argument in your brief that it wouldn't be waivable at all. And that one, I was scratching my head at. So- Well, okay, so- Is it your position that even if the client says, you know what, for the strategic reason that Judge Lynch pointed out, I want to proceed, I don't want to make this Dubin challenge, that somehow the client couldn't do that? Right, so two points. So again, I want to address both of those points, Your Honor. The first is, in terms of that footnote, I really intended that to address what was Judge Lynch's question, which is I frequently, or I have been asked that, are you really coming here with this kind of thing, and you know the consequences? The answer is yes, he knows the consequences, and that is what I intended to convey. I think both parties cite the things outside the record, but also agree that the law is that you look at what was in the record at the time of the plea to determine whether there's error that was playing. And Judge Bianco, as to the second point, yes, we absolutely do think that even if this was an enforceable waiver, which we don't think it is. But even if it was an enforceable waiver, it would be unconscionable and contrary to public policy and unenforceable to have a man convicted of a crime- My argument is, if there's any change in the law between a guilty plea and a sentencing, the defendant can recognize that there's a new case out there and decide, you know what, let me see how things are going to go with the sentencing. I won't raise this now, I'll see how the things will go with the sentencing. If I don't like the sentencing, then I'll raise it on appeal, and your argument would be that under no circumstances could a waiver be enforced. And that's even though it's strategic to not make the legal challenge. Actually, Judge Bianco, I think that your hypothetical would be pure plain error because nothing was raised. They're arguing that something that the lawyer submitted that no one ever talked about with the client was the waiver. It wasn't like the Supreme Court case came out later, the case was there. They knew the case, as Judge Manasci pointed out, they invoked the case, and then they made a strategic decision. That's a forfeiture, and Judge Bianco, I would note, I think that this example makes it real easy to say that that should not be allowed because it happened before the sentencing. Because that's what makes this a real Rule 11 meltdown and not a habeas petition trying to shoehorn a Rule 11 argument. This is a case where it's absolutely incumbent on the district court and on the parties to prompt the district court, since the parties knew about this, to say to this man, do you know that the law has changed, that things are different now than the elements that were recited to you a few months ago? Why can't the court assume that when the lawyer speaks? Because if that were the principle, Judge Lynch, then nothing would stop a lawyer from being able to write to the court and say, I've advised my client on the statutory maximums, his right to trial, his right to testify. He wishes to plead guilty, let's schedule a sentencing. These tedious Rule 11 allocutions are taking dirty- No, no, no, Rule 11 tells us what to do in Rule 11B. It does not say anything like that in Rule 11D about withdrawals of a guilty plea, that that requires any allocution. There's nothing in this record that suggests that the client was aware of the original application to withdraw the plea. That's right, and in that sense, it's a true forfeiture and not a waiver. I don't understand why it's a forfeiture and not a waiver. It's a question of whether something that is explicitly a waiver, that is an invited action by the defense team, is binding when it's the lawyer who makes it. Because this- In the absence of any evidence that the client wasn't advised, which would be the subject of an ineffective assistance of counsel. So two points, Judge Lynch. First, that's the McCoy distinction between things like legal arguments, that attorneys have strategic decisions about how to pursue the case and how to pursue the objectives that attorneys can waive, versus objectives about what objective to pursue and decisions about what to do. And that is the client's loan. And in this case, what you had essentially was- A lot of that belongs to the client. But you normally take the statements of the counsel as representing what the client wants. And so if the lawyer didn't do that, then that would be the basis of an ineffective assistance of counsel claim. The district court should have seen the letter from the lawyer that says, actually we do not want to make an argument that count five should be vacated. Mr. Ray maintains his position that he's guilty of count five. And the district court should have said, well, I don't believe you. I want to hear from Mr. Ray directly. This court has never done anything like that and allowed lawyers to do anything like that in the context of plea allocutions, in the context of waiving rights at a plea and appellate right. This is not about a plea allocution. This is about something that happens after the plea was taken with a full allocution and accepted. So two points. First, oddly, because 11B3 requires factual basis through the time of sentence, to some extent this was a replete that the court would be allowing without the defendant having been allocated. Because the law changes and the court would be saying, well, the lawyer said we still wish to go forward based on the change in the law. And it would be functionally a replete based on the attorney's proffer, not based on a client allocution. This court has never allowed anything remotely like that. It would be highly anomalous. Of this court- I don't know if it's a replete. I mean, you're right. Maybe after the Supreme Court decides, Jubin, there's some class of cases that we might assume constitute an aggravated identity theft that might no longer. But there still is a core of cases that are still the same. And in this case, the district court seems to think that Mr. Ray manipulated individual one into founding the company and then the misrepresentation as to who was in charge of the company was relevant to the loan and so on. The way the district court seems to understand it, Jubin doesn't seem to make a difference. The problem that I'm having is that I can see what the district court thought about the facts, but there wasn't a record because there was a plea agreement. But so don't all of these arguments about whether it was plainly erroneous for the district court to find a factual basis for the plea or whether the lawyer was ineffective, depend really on the strength of Mr. Ray's arguments. And it's hard to evaluate the argument under Jubin when we don't have a record. And one of the reasons we say that ineffective assistance counsel often waits for habeas petition is that you can build a separate record on those issues. So maybe the issues should come back on a full record where you could explain what the representation exactly was. And we can look at it and the strength of the arguments and what conversations happened between Ray and his lawyer. So three points, Judge Manasci. First, that's not what the court has required for appeal waivers pre-sentencing. Second, I disagree somewhat, or I just want to point out what we think is the correct analysis in terms of the strength or lack of strength of the aggravated identity theft case. As we see it, the real issue that I think the court is getting at is the second two prongs of the plain error standard under Baldy. Look to, is there such strong evidence that he committed aggravated identity theft that he could never have actually really realistically wanted to try this case? Therefore, it doesn't affect his substantial rights or the integrity of the courts. And based on what the court just said, the answer to that question is that clearly the defense would prevail on that, on those two prongs. In terms of what the district court might have been thinking, it's acutely relevant that at appendix 99, which is page 28 of the plea transcript. When the government- We're applying those prongs to what? So what do you get for that? That means that's why you think that the plea was not known involuntarily. Correct, Your Honor. And that there was no factual basis to support it at the time of sentencing, which is the question under 11B3. And if you look at, I think it's really important for the merits- Well, that depends. I mean, so if in fact, as I just said, it's pretty clear the district court thought that the misrepresentation was pretty important. Based on what's before the district court and the defendant saying he wants to maintain the plea, I don't know that there isn't, like it's plain error- Well, the defendant didn't say that, the lawyer said- That's a different question from whether if he had gone to trial, he might have had a triable question. Well, the defendant didn't say that, but also, if you look at A99, page 28 of the plea transcript, when the government proffers what makes Mr. Ray guilty of wire fraud, a conviction with a 15-year sentence that he's not contesting. It said nothing about use of the ID. So he has committed wire fraud without using this ID, and under those facts, I don't know how you could say that that's at the crux of the offense. All right, all right. Thank you, Judge Bianco. Thank you, Mr. Seligman. We'll hear from the government. Mr. Weinberg. May it please the court, my name is Matthew Weinberg, and I represent the government in this appeal, and I represented the government in the proceedings below. The court should affirm the defendant's 1028A conviction, both because the defendant waived his Dubin arguments, and because the defendant is unable to demonstrate plain error. With respect to the waiver, the defendant made the very same argument he makes on appeal in the district court before sentencing, and then he specifically withdrew the argument. That's an invited error, and he has waived the argument on this appeal. I do want to also address the merits. Wait, do you want to address whether or not the lawyer can do it versus the client? Do you want to address that? The lawyer is the client's agent. The lawyer, there is no law, no case law, nothing to suggest that in a post-plea setting, this is not a Rule 11 context, this is not the decision whether to proceed to trial, this is not the decision whether to testify at trial. In this context, the lawyer absolutely can speak for the client. I also will just note that, you know, there's a lot of assuming going on that the defendant was not consulted with the lawyer. As the government says in its brief, the letter that the counsel submitted at Appendix 144 says the defendant wishes to clarify that we are not seeking to withdraw our motion. So that question of whether the defendant was consulted is not in the record, but either way, the lawyer absolutely can withdraw this argument on behalf of the defendant. I'm sorry, as Judge Lynch pointed out, it could be raised in a 2255. Absolutely, that would be the appropriate mechanism for this, and as, I believe, maybe more than one of you identified, that would also allow us to build out the record and, you know, have a much more fulsome record of what actually occurred here and whether there was. Well, the district court does need to, regardless of the status of what arguments he's making before sentencing, the district court does need to decide that there's a factual basis for the plea, right? And when the district court is alerted to Dubin and all of the statements in the record about the factual basis for count five, just say he used somebody else's identification in connection with the fraud. It doesn't really explain the nature of it or whether it was at the crux or how central it was and so on. And so why should the district court have said, okay, at least in light of Dubin, I have to make sure that there is an adequate factual basis for the plea? So I want to address that because the record at the time of sentencing was clear that there was an adequate basis. And on plain error review- Why is that? So let me just start by saying that the defendant impersonated Individual One and used Individual One's identity to submit loan applications on behalf of Individual One without his knowledge and to fraudulently induce- Oh, he did loan applications on behalf of the company, right? The loan is for the company, but it is submitted on behalf of Individual One. The application is completed in the name of Individual One and it is signed by the defendant on behalf of Individual One. So you're saying that Ray signed Individual One's name at the bottom of the form? That is correct. So it's not like he just lists the owner and it's Individual One and that's an accurate statement because that guy is nominally the owner. You're saying he actually impersonated- That is correct. And he signed the signature that was not his own signature. That is correct. And I want to be clear about what is- But that's not in the- Right. That is what I wanted to address. So that is in the record at sentencing because Individual One submitted- So first of all, the PSR and the government sentencing submission both say that the defendant acted alone in submitting the fraudulent application and that Individual One was not involved in the crime, was not a co-conspirator. In other words, Individual One did not know that the defendant was making the fraudulent application on his behalf. But even more to the point, Individual One submitted a detailed victim impact statement to the district court. And on this, the statement is not in the appendix. Right, I know. I knew that existed, but we don't have a copy of it. So maybe that would also be instructive as to what the strength of the claim was. Absolutely, Your Honor. And I just want, on that point, I can tell you a little bit about what is in that victim impact statement. It was in the record at sentencing, and we can make a copy available to the court if you would like. But in that statement, the victim impact statement, Individual One, which the court had, talks about how he is drowning due to the financial burdens Mr. Ray signed me up for without my consent or knowledge. He says that Mr. Ray took it upon himself to use and list my information, either by government name or by the name he created, Trucking Company One, until visas, loans, and other things. He says that upon learning of the defendant's arrest in March 2022, he realized how out of the loop and blind he was to Mr. Ray's actions with his names and money. He says that Mr. Ray used his identity to further his financial gains and squander mine. He includes the SBA loan on a list of bills, taxes, and other costs created by Mr. Ray using my name, business funds, and other assets to run a front for his nefarious operations without my knowledge or consent. And you're saying that shows that there is a factual basis for the aggravated identity theft because he's having some kind of benefit from using the other name. It's not just that he puts the name on the form and otherwise committing a fraud on behalf of the company. Absolutely. He fraudulently represents- What do we do with that, with this? So then that gets to the question of whether we can look at what's in the record before judgment as opposed to before the plea and that question? It gets to the plain error analysis, Your Honor. So there was clearly no plain error here because the defendant's substantial rights were not prejudiced, and he would not have gone to trial if not for any purported error with his rule of evidence proceeding. He would not have gone to trial because there was many additional facts that were in the record. We don't know whether his client would agree with everything that was in that impact statement or not. It wasn't part of his allocution, right? To the extent we're relying on one or more of those facts, wouldn't that be problematic? I don't believe so, Your Honor. So on plain error review, you can look at the record, and that is in the record. The defendant did not go to trial. He did not, right, he gave up those trials. But you're suggesting- It's right that his client now has an additional argument that maybe he didn't have at the beginning of the case, and maybe he'd make the calculation you're making that he's going to lose anyway, but maybe he would make a different calculation. I mean, do we really know that? Maybe you are over-arguing this, right? I mean, isn't your point that if the issue is whether the judge could have determined that there was a factual basis for the plea, the judge was entitled to consider that victim impact statement because that was in the record before her? That is a different question than the question of whether there is prejudice if there were plain error because the defendant would not have gone to trial. We don't know what the defendant would have done. The defendant might have made an irrational judgment, just as he might be making an irrational judgment to pursue this appeal. Because it might not really be in his interest. If it was in his interest at day one to enter this plea agreement, it is probably still in his interest. After all, there is another aggravated identity theft count about which we know nothing and can't pass. And it's not before us. In the indictment, there are other counts in the indictment that were dismissed. If it was in his interest to take this plea then, it probably is now. But that's his choice. If there is some error that allows him to withdraw the plea, he gets to withdraw the plea. Whether it's smart or stupid, it's his choice, right? So I think in the White case, which was recently decided and is addressed in one of the 20 HA letters, the court relied on the fact that there was an alternate, or I don't know if alternate is the right word, but there was additional facts that could have been proffered to make clear that the defendant, that there was no plain error and that there was no reasonable probability that the defendant would have proceeded to trial. Yeah, I get it, but I think the former point is the much more persuasive one. That if the reliance here by the defendant is on the notion that the judge did not have before her, at the time of sentencing, the judge had an obligation still at that point to go back whether or not it was solicited by the defendant, whether or not the defendant through counsel had specifically withdrawn it. That the judge had an obligation to still determine retrospectively whether there was a factual basis, based on the record as it exists up through the sentencing. That's the argument that I'm focused on, and I think that's what Mr. Silverman was arguing. Yes, Your Honor, and with respect to the second 1028A count that Your Honor referenced, the government just also wants to stress that the facts underlying that count are in the record before the court. It is at paragraph 58 of the PSR. It was undisputed by the defendant at sentencing. He did not challenge those facts, and it relates to a separate PPP loan that the defendant obtained for a different trucking company. And in connection with that loan, he used the identities of purported employees, and that was the essence of the fraud on that count. I think that is a reasonable guess at how that count might have gone, had it been pursued. Instead, the government gave that one up, maybe picked the wrong one, with the benefit of hindsight. The one where the defendant had a better Dubin argument, rather than the one where he had a worse Dubin argument. But all of that is just about trying to calculate what might or might not be in the defendant's interest to do at this point. What we have before us is the question whether there was a waiver that the court could recognize because it was made by counsel. And then if that waiver argument does not work, whether there was plain error with respect to the determination, as of the time of the sentencing, of whether there was a sufficient factual basis in the record for the plea. Those are the issues before us. Yes, Your Honor, but in addition, the government would say that one of the other considerations on plain error is whether there is a reasonable probability that the defendant would have proceeded to trial. And I understand that- Here, inviting the undoing of his plea agreement. If he's doing it now, why shouldn't I think he would have done it if he was thinking straight at the time that this all happened? Well, that goes right back to the question of the pre-sentencing waiver, right? We know what he would have done when presented with the question- No, we don't. We don't, because we don't know for a fact that he was consulted. There's a different question, it seems to me, whether the judge is entitled to rely on a lawyer's representation, that this is what we want to do in the absence of anything else. But it's altogether possible, it seems to me, that in fact, that is not what actually happened. We don't have any affidavits from anyone. We don't have an affidavit even from the defendant. We just have counsel's representations here as to what the defendant knew and didn't know. There's no sworn testimony here, as would be available if a 2255 were pursued. And if the client was prepared to put his name on an affidavit and risk perjury or whatever else on the penalty of perjury to say, here's my story of what happened, which is not before us. Yes, Your Honor, we believe that you can rely on the attorney's assertion, but I understand Your Honor's point. Thank you. Thank you. Mr. Zuberman, you have three minutes for your vote. Thank you, Judge Bianco. I want to start by addressing Judge Lynch's point because I respectfully disagree a little bit because I think that you also have to consider whether there was a knowing and voluntary plea and a knowing and voluntary waiver of rights at the initial plea, which is to say, was the defendant under Boosley, under Balde, advised of the true nature of the offense? And the answer, I think, I don't even hear the government disputing right now. And as a matter of decorum in their brief, they dispute our argument, but I don't hear them disputing it here. He clearly was not advised on the true nature of the offense at the time that he pled. And so that then gets you- But in Balde, the big difference there is Balde pled guilty without an agreement. He pled guilty to the whole indictment, which was only the one count about the illegal alien in possession. And there was actually a very strong argument after Rehaef that he did not know, and there was nothing in the record that suggested that he did know that he was present in the country unlawfully because at the time that he entered the plea, no one was thinking that it was the law that he needed to know that. So that was a very clean and simple case. Your Honor, I actually have two important points in response to that. First, I don't think the plea agreement's relevant at all here. The government's not trying to enforce it. And it would be highly anomalous for this court to hold as it does, that appellate waivers and plea agreements are unenforceable unless the defendant is personally allocated by the judge to make sure he understands it, but that it would enforce a waiver purportedly made by counsel outside of his presence. And second, with respect to the clarity of the record, and I have to address this with respect- Well, it doesn't even have to be a waiver. If you're talking about whether he's knowingly informed about the nature of the offense, if in fact, and I understand that this is a contested question, the district court can rely on the representations of counsel, the district court would have understood that counsel had identified the issue of Addubin and then determined that he still thought he was guilty of it. It wasn't counsel's decision. And then it would be up to the district court to say, well, okay, given the facts that I have before me, is that a reasonable kind of determination? You're saying it's not counsel's decision, but then that's a separate question as to whether the district court could rely on representation from counsel or had to go directly to the- I agree, Your Honor. And with respect to, and as to the other point, and I say this respectfully, the government did a lot of work in this case. No one's contesting a 188-month sentence as appropriate for the underlying fraud here. But what just happened with the reading from the victim impact statement, there's a passing reference in the appellee's brief without citation. This is a multi-dozen page statement that I, and that was, if the court were to rely on some of that, what was just said, which I think was not entirely correct, I would ask the court to order supplemental briefing where the government supplements its appellee's brief, explaining how certain of those facts meet the Dubin standard, and I can reply. I'm not in a position to reply on the fact to that synopsis that was not in the appellee's brief, and this court should not allow what, to be honest, would be appellate practice by sandbagging. I just, it's not, if this was a long victim impact, there's 159 pages of materials. The snippet of this person's statement that's at page 22 of the PSR is one paragraph and doesn't reference the ID issue. What the government referenced with respect to Elise has nothing to do with the conviction of count five and Judge Lynch. With all due respect, what the court said as to the other ID theft, I've looked at this record up and down. I don't have the underlying discovery. I have not been able to see anything in the record that would make him guilty under Dubin of any aggravated identity theft. That's not, I was only making the point, which I've made repeatedly, that this is a case in which there was a plea agreement in which each side gave something up. And if it goes back, it's going back with the government in a position to say that the defendant has now breached the plea agreement which asked him not to, in which he committed himself not to take this kind of appeal. And it's all going back to square one. And we don't know what's going to happen at that point. I'm certainly not, what I said was I don't have any real idea of what that count was about and how it worked other than to think that, hm, that looked like a more interesting, closer case under Dubin than the one that he pled guilty to. But I don't know that we have to get into that issue. I agree with everything the court just said. That's the established law of the circuit. We agree with that. So- Did that understand you just a moment ago to say that you yourself also have not seen the document? Well, I've only seen what's in the record. Reportedly committed identity theft? I've only seen what's in the record. I was appointed by this court. I haven't seen the underlying discovery that's not in the record. So I'm basing what I know on the record that's before this court. Of course, there's discovery produced in Rule 16, and I honestly have no idea what's in that discovery. And I'm not in a position to address it. You see, we're distinguishing here between the other count on which there may have been discovery, on which there may be information that the parties have that is not in any kind of record. The, I don't think- Yes, that's true, Your Honor. Yeah, I don't think I've heard you say that you have not seen the victim impact statement. I've seen it, although I haven't heard those specific arguments. And this is a statement that's close to 20 pages. Right, and I hear your point about that, just to make sure I understand it. Your point about that is that since the government did not rely on that in its briefing, you did not have occasion to study in depth all of the details of what was in that victim impact statement. Well- And therefore, it would be unfair to allow the government, without giving you an opportunity to respond, to rely on the victim impact statement, absent some opportunity of both parties to comment on it. Yes, and maybe the way that I should wrap up is by saying, at pages eight to nine of our appellant's brief, we block, quote, what was said at the plea. The government doesn't quote or address those quotes. Casually, we might call that a tell. And the government just made a bunch of arguments based on a very lengthy document that it had excerpted selectively. And did it for the first time at our- I saw it being sensitive to the idea about relying on something that we don't have in our record before us. Putting that aside, just the general principle that if in fact the district court had in front of it facts about the nature of the use of an identification in this case, the district court would have been allowed to look at that and say, well, this just clearly meets the Dubin standard, and so there isn't an issue. It wouldn't address the 11B1G problem, that he was not apprised of the true nature of the offense. As McCarthy says, understanding the offense in relation to the facts, and asked, does he still wish to plead guilty? So all that might, even if it did address the 11B3 problem, it doesn't address the 11B1G problem. All right, thank you. Thank you, Mr. Silver. Thank you, Judge Bianco. Thank you, Mr. Weinberg, we'll reserve decision. Have a good day.